JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAY 20 1981

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 457

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE SINKING OF THE BARGE "RANGER I" CASUALTY NEAR GALVESTON, TEXAS, ON MAY 10, 1979

TRANSFER ORDER*

This litigation consists of twenty actions pending in three districts -- eleven actions in the Southern District of Texas,1/ eight actions in the Eastern District of Louisiana, and one action in the Southern District of Alabama. Presently before the Panel is a motion by certain defendants to centralize, pursuant to 28 U.S.C. §1407, all actions in this litigation in the Southern District of Texas for coordinated or consolidated pretrial proceedings. Certain plaintiffs have cross-moved to centralize all actions in the Eastern District of Louisiana. No responding party opposes centralization, but disagreement exists over the selection of the transferee forum.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under 28 U.S.C. §1407 in the Southern District of Texas will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All the actions presently before the Panel arose out of the toppling of the "Ranger I," an off-shore oil drilling vessel, off the coast of Galveston, Texas, on May 10, 1979. Common factual questions concerning the cause or causes of the accident and the liability or non-liability of defendants will be involved in all actions. Transfer under Section 1407 is necessary in order to avoid duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

---

\*   Judge Fred Daugherty took no part in the decision of this matter.

1/   One of the Texas actions was originally filed in the Eastern District of Louisiana and, subsequently, was transferred to the Southern District of Texas pursuant to 28 U.S.C. §1404.

The Southern District of Texas is clearly the preferable transferee district for this litigation. We note that 1) the "Ranger I" was built in Beaumont, Texas; 2) the owner of the vessel and the company with which the owner entered into a drilling contract are headquartered in Houston, Texas; 3) the site of the accident is literally within eyesight on a clear day of the federal courthouse in Galveston, Texas; 4) injured parties were evacuated to, and received emergency medical treatment in, Galveston; 5) following the accident, the United States Coast Guard conducted in Galveston a three man formal investigation that extended over many weeks in May, June and October, 1979, and that involved thousands of pages of testimony and exhibits; 6) eleven of the twenty actions are already pending in the Southern District of Texas; and 7) a Claimants' Discovery Committee has been established by the court in the Southern District of Texas actions, and a very detailed discovery schedule extending through mid-February, 1982, has been established by the court in those actions. Accordingly, we conclude that the Southern District of Texas is the nexus of this litigation, that many relevant witnesses and documents will be found there, and that that district will be most convenient for the greatest number of parties and counsel.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Southern District of Texas be, and the same hereby are, transferred to the Southern District of Texas and, with the consent of that court, assigned to the Honorable Hugh Gibson for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

_Andrew A. Caffrey_
Andrew A. Caffrey
Chairman

DOCKET NO. 457

SCHEDULE A

### Eastern District of Louisiana

Patterson Services, Inc., et al. v. Insurance Co. of North America, et al., C.A. No. 80-1714(E)
Earline Menard Guidry, et al. v. Alabama Dry Dock & Shipbuilding Co., C.A. No. 80-1674(E)
Mrs. Josefina Torres Smith, et al. v. Alabama Dry Dock and Shipbuilding Co., C.A. No. 80-1690(E)
Terry Paul Landry v. Insurance Co. of North America, et al., C.A. No. 80-1735(G)(E)
Eldon J. Benoit v. Insurance Co. of North America, et al., C.A. No. 80-1736(H)(E)
Anthony V. Billiot v. Insurance Co. of North America, et al., C.A. No. 79-1737(K)(E)
Jennifer Fontenot, et al. v. Insurance Co. of North America, et al., C.A. No. 80-2294(E)
Billie Hanks, et al. v. Alabama Dry Dock & Shipbuilding Co., C.A. No. 80-3449(C)(E)

### Southern District of Alabama

Patterson Sevices, Inc., et al. v. Alabama Dry Dock & Shipbuilding Co., C.A. No. 80-282

### Southern District of Texas

In the Matter of the Complaint of Atlantic Pacific Marine Corp., as owner of the Oil Screw RANGER I, In a cause of exoneration from or limitation of Liability, C.A. No. G-79-90
Mrs. Eddie Frederick, etc. v. Bethlehem Steel Corp., et al., C.A. No. G-79-220
James W. Lowery, Jr. v. Atlantic Pacific Marine Corp., et al., C.A. No. G-80-313
R. C. Quick v. Halliburton Co., et al., C.A. No. G-80-48
Paul Lee Fromberg v. Halliburton Co., et al., C.A. No. G-79-125
Mary Lou Palomarez, et al. v. Halliburton Co., et al., C.A. No. G-79-126
Mrs. Josefina Torres Smith, et al. v. Bethlehem Steel Corp., et al., C.A. No. G-80-127
Brent Bowers, et al. v. Bethlehem Steel Corp., et al., C.A. No.G-80-151
Mrs. Wanda Sue Perkins, et al. v. Bethlehem Steel Corp., et al., C.A. No. G-80-180
Mrs. James E. Perkins, etc. v. Bethlehem Steel Corp., et al., C.A. No. G-79-224
Clarence Edgar Hanks, et al. v. Mitchell Energy Offshore Corp., et al., C.A. No. G-79-227